IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JERRY E. TROUPE, JR.,                    )
                                         )
                Movant,                  )
                                         )
vs.                                      )    Case No. 14-3233-CV-S-ODS
                                         )    Crim. No. 10-03038-01-CR-S-ODS
UNITED STATES OF AMERICA,                )
                                         )
                Respondent.              )

ORDER AND OPINION DENYING MOVANT'S REQUEST FOR POSTCONVICTION
RELIEF AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

       Pending is Movant's application for postconviction relief pursuant to 28 U.S.C. §
2255.  The Court denies the motion and also declines to issue a Certificate of
Appealability.


                                         I.


       Movant was indicted in May 2010 on one count of distributing child pornography,
one count of receiving child pornography, and one count of possessing child
pornography.  The Indictment also included a forfeiture allegation, which sought the
forfeiture of computer equipment Movant used to download and view the child
pornography.  In August 2011 Movant and the Government entered a written Plea
Agreement, pursuant to which Movant plead guilty to Count II and the forfeiture
allegations and the Government agreed to dismiss Counts I and III.  The Plea
Agreement includes not only Plaintiff's agreement to plead guilty to the charge of
receiving child pornography, but also includes factual allegations supporting the charge
and his plea.  Among the agreed factual allegations is Plaintiff's admission to the
investigating law enforcement officers that he "curiously download[ed] images of child
porn" and his description of some of those images and movies.  The Plea Agreement

also included the parties' preliminary Sentencing Guideline[1] calculations; the parties agreed that the Base Offense Level was 22 pursuant to section 2G2.2(a), and the following adjustments would apply:

- a four level enhancement pursuant to section 2G2.2(b)(7)(C) due to the number of images,
- a two level enhancement pursuant to 2G2.2(b)(6) because a computer was used in the commission of the crime,
- a two level enhancement pursuant to section 2G2.2(b)(2) based on the age of some of the children in the pictures/videos, and
- a total reduction of three levels for Movant's acceptance of responsibility.

This would have resulted in a total offense level of 27. However, as a matter of law the parties' agreement regarding guideline calculations was not binding on the Court – a circumstance that was specifically mentioned in the Plea Agreement and that was also addressed during the Change of Plea Hearing.

The Presentence Investigation Report ("PSR") also started with a Base Offense Level of 22 and the four adjustments addressed in the Plea Agreement. In addition, the PSR included the following two adjustments:

- a five level enhancement pursuant to 2G2.2(b)(3)(B) for distribution for a thing of value (based on Movant's use of a peer-to-peer file sharing program), and
- a four level enhancement based on section 2G2.2(b)(4) because some of the images/videos depicted sadistic or masochistic conduct or other depictions of violence.

These adjustments resulted in a total offense level of 36; when combined with Movant's Criminal History Category of III, the Sentencing Guidelines recommended a sentence between 235 to 240 months.[2]

On April 26, 2012 Movant's counsel filed a sentencing memorandum contending, *inter alia*, Movant did not have the requisite knowledge for the five level enhancement but conceded, however, that Movant "was knowledgeable regarding downloading off of

---

[1]The Sentencing Guidelines effective November 1, 2011 were utilized.

[2]The Sentencing Guidelines actually recommended a sentence between 235 and 293 months, but the statutory maximum sentence was 240 months.

2

the peer-to-peer program to his computer." Counsel then represented the parties had agreed that Movant should receive a two level enhancement pursuant to section 2G2.2(b)(3)(F), which applies to any method of distribution other than those methods specifically mentioned in section 2G2.2(b)(3). This resulted in an agreed offense level of 33 – more than the offense level of 27 contemplated by the parties, but less than the offense level of 36 suggested by the PSR.

During the sentencing hearing the parties further addressed the fact that the two level enhancement was a compromise. The Government represented that forensic analysis confirmed that Plaintiff's use of peer-to-peer file sharing software had *allowed* others to access his computer and obtain images of child pornography, but that analysis could not prove Movant specifically *knew* that such sharing occurred at the time it occurred. Movant's counsel confirmed that there was no dispute that sharing occurred. Sentencing Tr. at 2-3. The Court accepted the parties' agreement. The resulting recommended guideline range was 168 to 210 months, and Movant was sentenced to 180 months imprisonment.

## II.

Movant contends his counsel was ineffective for failing to contest the application of the two level enhancement under section 2G2.2(b)(3)(F). He contends (1) he did not actually distribute any pornographic images and (2) if he did, he did not know that he did. The Government argues Movant suffered no prejudice because there was no dispute that Movant used a peer-to-peer file sharing program that actually distributed child pornography to others and that there is no evidence demonstrating that he was ignorant of this fact.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th

Case 6:14-cv-03233-ODS   Document 12   Filed 12/19/14   Page 3 of 5

Cir. 1992)).  This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689.  Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id.  Failure to satisfy both prongs is fatal to the claim.  Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).  The Court finds it unnecessary to consider the performance prong because Movant cannot demonstrate prejudice.

The representation was made – and agreed to – that a forensic analysis of Movant's computer demonstrated that a file sharing program was installed and used on Movant's computer.  Even now Movant does not dispute this fact.  The representation was also made – and agreed to – that the file sharing program was used to cause the distribution of child pornography from Movant's computer to others' computers.  That distribution occurred is unsurprising, given that this is precisely how a file sharing program is designed to work.  Movant installed and utilized a file sharing program, so he bears a heavy burden of demonstrating that (1) distribution did not occur and (2) that he did not know that it would occur.  As the Eighth Circuit has explained: "the purpose of a file sharing program is to share, in other words, to distribute.  Absent concrete *evidence* of ignorance – evidence that is needed because ignorance is entirely counterintuitive – a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose." United States v. Dodd, 598 F.3d 449, 452 (8th Cir.), cert. denied, 561 U.S. 1037 (2010).  Here, all Movant has done is baldly asserted that he did not know that his file sharing program would actually share files with others.

Even if counsel had advanced this argument it would have been rejected, so Movant has not suffered any prejudice from counsel's failure to advance it.

### III.

In order to appeal, Petitioner must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. See Rule 11(a), Rules Governing Section 2254/2255 Proceedings. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court does not believe that reasonable jurists could debate whether Movant was denied effective assistance of counsel, nor does the Court believe further proceedings should be encouraged. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 19, 2014          UNITED STATES DISTRICT COURT